UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMRAN BOUSHEHRI and
SIP SIP LIQUOR SHOP, INC.,

    Plaintiffs,                       Case No. 22-13082

v.                                    Hon. JONATHAN J.C. GREY

CITIZENS FINANCIAL GROUP,
INC. and CITIZENS BANK,
NATIONAL ASSOCIATION,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS (ECF No. 4)**

**I.    INTRODUCTION**

Plaintiffs Kamran Boushehri ("Boushehri") and Sip Sip Liquor Shop, Inc. ("Sip") claim that defendants Citizens Financial Group, Inc. and Citizens Bank, National Association (collectively, "Citizens") violated plaintiffs' constitutional rights, interfered with business relationships, breached a contract, and otherwise harmed plaintiffs when Citizens terminated the bank accounts Boushehri and Sip held at Citizens.

Citizens filed a motion to dismiss plaintiffs' complaint (ECF No. 4),

1

and the motion has been fully briefed. The motion has been pending since December 2022, but the case was only recently reassigned to the undersigned. (*See* text-only order entered on June 26, 2023.)

For the following reasons, the motion is **GRANTED IN PART and DENIED IN PART**.

## II. BACKGROUND

Boushehri owns Sip. Plaintiffs allege that they and Citizens entered into an agreement whereby Citizens would serve as their banking service provider for multiple personal accounts held by Boushehri and multiple business accounts held by Sip. (ECF No. 1, at ¶ 8.) Plaintiffs allege that Citizens agreed to accept their cash and electronic deposits. (*Id.*) Plaintiffs further allege that: (a) Boushehri is Iranian American; (b) Sip's primarily African American clientele pays for goods with cash; (c) Boushehri communicated all that information to Citizens; and (d) Citizens agreed to serve as plaintiffs' banking service provider in August 2021. (*Id.* at ¶¶ 9, 14-16.)

Plaintiffs deposited hundreds of thousands of dollars in cash between August 2021 and August 2022, and Citizens accepted those

deposits. (*Id.* at ¶¶ 17-18.) Plaintiffs state that a branch manager at Citizens (John Johnson) instructed Boushehri to not make large cash deposits and to make depositions of less than $9,000 per deposit. (*Id.* at ¶ 19.)

On August 25, 2022, Citizens sent several one-page letters to plaintiffs. Each letter advised that the applicable plaintiff's Citizens' account would be closed in two weeks and that a freeze could be put on the account if account activity was not ceased. *Id.*[1] Citizens did not explain the basis for its decision or afford plaintiffs the ability to discuss or appeal Citizens' decision. (*Id.* at ¶ 21.) Boushehri advised Citizens' manager John Johnson that closing and/or freezing the plaintiffs' accounts would result in catastrophic damages, including impacting the ability of: (a) Boushehri to purchase a family home, and (b) Sip to renew its liquor and lottery licenses or pay its suppliers. (*Id.* at ¶¶ 22, 23, 25, 26, 28.) Nonetheless, Citizens froze and closed plaintiffs' accounts. (*Id.* at ¶ 24.) As a result, Boushehri was unable to purchase the family home, and Sip was unable to renew its liquor and lottery licenses or pay several

---

[1] The complaint contains two paragraphs labeled "19." (*See* ECF No. 1, PageID.12.)

3

creditors. (*Id.* at ¶¶ 25-27, 29-30.)

Plaintiffs assert that Citizens is subject to the provisions of the Gramm-Leach-Bliley Act of 1999 ("GLBA") and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"). (*Id.* at ¶10.) Plaintiffs allege the following claims: tortious interference (Count I); promissory estoppel (Count II); unjust enrichment (Count III); breach of a fiduciary duty (Count IV); breach of oral contract (Count V); violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act and the Gramm-Leach-Bliley Act of 1999 (Count VI); and violation of equal protection and due process rights (Count VII).

### III. APPLICABLE LAW

A motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell*

4

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555 (citations omitted); *Doe v. Michigan State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021).

As a general rule, a court cannot consider matters outside the four corners of the complaint when ruling on a motion to dismiss under Rule 12(b)(6). *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 781 (S.D. Ohio

2009). However, a court may consider material "incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and may consider documents that a defendant attaches to a motion to dismiss if the documents are referred to in the complaint and are central to the plaintiff's claims. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

## IV. ANALYSIS

### A. Tortious interference, promissory estoppel, and unjust enrichment (Counts I-III)

Citizens' primary argument with respect to these three claims is that they are barred because there are express written contracts that govern the relationships between Citizens and Boushehri and between Citizens and Sip. (ECF No. 4-1, Ex. 1 at Exs. A-E.) Exhibits A, B, and C are signature cards signed by Boushehri for his personal Citizens or Charter One (a predecessor entity of Citizens) accounts and Sip's Citizens' accounts. Each signature card refers to a Bank Deposit Account Agreement, and Exhibits D and E are Bank Deposit Account Agreements for personal and business accounts, respectively. The Court may consider Exhibits A-E as they govern the banking relationships plaintiffs allege in

their complaint. (*See, e.g.,* ECF No. 1, PageID.10 at ¶ 8); *Weiner*, 108 F.3d at 89.

Plaintiffs dispute the existence of any Bank Deposit Account Agreements (*see* ECF No. 1, PageID.12, at ¶ 19; *see also* ECF No. 6, PageID.164-167, 169), but the Court concludes that Exhibits A-E establish the existence of express contracts between Citizens and plaintiffs with respect to each of the accounts at issue in this case.

Plaintiffs accurately counter that it is a well-recognized rule that a plaintiff may plead claims in the alternative, such that Counts I-III should not be dismissed even if there are express contracts between the parties. *See* Fed. R. Civ. P. 8(d)(2):

> *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

*See also Jordan v. City of Cleveland*, 464 F.3d 584, 604 (6th Cir. 2006); *Rowe v. Cleveland Pneumatic Co.*, 690 F.2d 88, 92 (6th Cir. 1982).

The Court notes, however, that it also is well-settled that "[u]njust enrichment, like promissory estoppel, is not applicable when the parties

7

are bound by an express written agreement." *APJ Associates, Inc. v. N. Am. Philips Corp.,* 317 F.3d 610, 617 (6th Cir. 2003). Accordingly, the Court holds that plaintiffs' promissory estoppel and unjust enrichment claims in Counts II and III are barred by the existence of the express written agreements note above. Citizens' motion to dismiss is granted with respect to Counts II and III.

The Court is not persuaded that plaintiffs' tortious interference is likewise barred by the existence of an express written agreement. Citizens contends that plaintiffs' tortious interference claim, a claim based on plaintiffs' relationship(s) with third parties (*see* ECF No. 1, PageID.15, at ¶¶ 32-36), must fail because plaintiffs did not allege or acknowledge that Citizens followed the contractually agreed upon provisions with respect to closing the accounts. Citizens' contention would require the Court to make a finding of fact; specifically, that Citizens actions complied with its obligations under the express written agreement(s). The Court cannot make such a factual finding when deciding a Rule 12(b)(6) motion to dismiss. *See, e.g., Keys*, 684 F.3d at 608. The Court **DENIES** Citizens' motion to dismiss the tortious

interference claim in Count I.

### B. Breach of a fiduciary duty (Count IV)

> "The elements of a fiduciary duty claim are (1) the existence of a fiduciary duty, (2) a breach of that duty, (3) proximately causing damages." *Stryker Corp. v. Ridgeway*, No. 1:13–CV–1066, 2015 WL 8759220, at *3 (W.D. Mich. Dec. 14, 2015). "Under Michigan law, 'a fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another.'" *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 765–66 (6th Cir.2012) (quoting *Teadt v. Lutheran Church Mo. Synod*, 237 Mich.App. 567, 580–81, 603 N.W.2d 816 (1999)). A fiduciary has a duty to act for the benefit of the principal regarding matters within the scope of the relationship. *Id.* at 766. Courts determine whether a fiduciary duty exists. *Id.*

*Delphi Auto. PLC v. Absmeier*, 167 F. Supp. 3d 868, 884 (E.D. Mich. 2016), *modified,* No. 15-CV-13966, 2016 WL 1156741 (E.D. Mich. Mar. 24, 2016).

Citizens contends that "[a] fiduciary relationship, which generally does not arise within the lender-borrower context, exists when there is a reposing of faith, confidence, and trust and the placing of reliance by one on the judgment and advice of another." *Farm Credit Serv's of Michigan's Heartland, PCA v. Weldon*, 232 Mich. App. 662, 680 (1998). *See also New York County Nat'l Bank v. Massey*, 192 U.S. 138, 145 (1904) (citation

9

omitted) ("It cannot be doubted that . . . a deposit of money upon general account with a bank creates . . . an ordinary debt, not a privilege or right of a fiduciary character."). As plaintiffs argue, however, the breach of fiduciary "claim is not based on a contractual agreement, and courts have held that there is a separate and distinct duty of care owed by banks to their customers[,]" such that an action may be viable. *See Biobest U.S.A., Inc. v. LN Assure Trades Inc.*, 2019 WL 1325971, at \*\*2-3 (E.D. Mich. Mar. 25, 2019). The Court finds that plaintiffs' breach of fiduciary claim does not stem from a contractual agreement. The Court further finds that Plaintiffs' allegations that John Johnson's representations constituted "judgment and advice of another" upon which there was a "reposing of faith, confidence, and trust and the placing of reliance" by plaintiffs (Boushehri) establish a plausible breach of fiduciary claim. John Johnson's advice could be considered separate and distinct from the general bank-depositor relationship because he was advising plaintiffs how to avoid having authorities deem plaintiffs' deposits evidence of suspicious activity.

Citizens next asserts that M.C.L. § 566.132(2) operates to bar a

fiduciary duty claim because oral promises are not enforceable against a financial institution (or its employee(s)). Section 566.132(2) provides:

> (2) A person shall not bring an action against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to <u>lend money, grant or extend credit, or make any other financial accommodation</u>.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a <u>loan, extension of credit, or other financial accommodation</u>.
>
> (c) A promise or commitment to waive a provision of a <u>loan, extension of credit, or other financial accommodation</u>.

(*Id.*) (emphasis added).

Citizens does not cite any authority for its proposition, and based upon its reliance on Section 566.132(2), Citizens seemingly assumes that plaintiffs' fiduciary claim is rooted in a contractual agreement to lend or extend money or make some other financial accommodation. Plaintiffs have alleged, however, only that they had bank accounts with Citizens. Plaintiffs' allegations, including their breach of fiduciary duty claim, do

11

not appear to be based on any loan, extension of credit, or other financial accommodation. The breach of fiduciary duty claim is not rooted in a contractual relationship or an oral "promise." Rather, the alleged fiduciary duty stems from John Johnson's advice to Boushehri that plaintiffs should make deposits of less than $9,000 because larger deposits could trigger concerns about suspicious deposit activities.

As plaintiffs also have alleged that: (a) Citizens breached the fiduciary duty created by John Johnson's advice when terminating plaintiffs' accounts, and (b) the termination of those accounts caused injuries to plaintiffs about which Boushehri had warned John Johnson, the Court finds that plaintiffs have sufficiently pleaded a claim for breach of fiduciary duty. The Court **DENIES** Citizens' motion to dismiss the breach of fiduciary duty claim in Count IV.

### C. Breach of oral contract (Count V)

In Count V, plaintiffs allege that Citizens "entered into an oral contract with Plaintiff to serve as Plaintiffs' banking service provider and Depositee of Plaintiffs' cash and electronic fund deposits." (ECF No. 1, PageID.17 (at § 57).) As the Court concluded above, the relationships

between Citizens and plaintiffs were governed by express written agreements. To the extent that oral representations of Citizens' manager John Johnson constituted a contract, however, M.C.L. § 566.132(2) provides that oral promises are not enforceable against a financial institution. Accordingly, the Court **GRANTS** Citizens' motion to dismiss plaintiffs' breach of oral contract claim in Count V.

### D. Violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act and the Gramm-Leach-Bliley Act of 1999 (Count VI)

The Court finds that plaintiffs' claims under the Dodd-Frank and the GLBA must be dismissed. The Supreme Court has held, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 699 (1979). Under the Dodd-Frank Act, private causes of action have been recognized for a whistleblower, but no court has recognized any other private cause of action. *See, e.g., Regnante v. Sec. & Exch. Officials*, 134 F. Supp. 3d 749, 760-61 (S.D.N.Y. 2015). Plaintiffs do not allege that Boushehri was a whistleblower, nor have they set forth any other manner or authority by

13

which they are entitled to bring a private cause of action under Dodd-Frank.

In addition, numerous courts have held that there is no private right of action under the GLBA. *See, e.g., Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) ("No private right of action exists for an alleged violation of the GLBA"); *Vinton v Certegy Check Servs*, 2009 WL 2777095, at *2 (W.D. Mich. Aug. 31, 2009) ("the GLBA does not grant a private cause of action"); *In re Lentz*, 405 B.R. 893, 899 (N.D. Ohio 2009) ("courts have consistently held there is no private right of action created by Congress in the GLBA"); *In re French*, 401 B.R. 295, 310 (E.D. Tenn. 2009) ("By its very terms, the Gramm-Leach-Bliley Act does not provide a private right of action"); *Briggs v. Emporia State Bank*, 2005 U.S. Dist. LEXIS 17883, 2005 WL 2035038 at *2 (D. Kan. Aug. 23, 2005) (citing *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001)) ("The fact that Congress expressly provided for one method of enforcing the GLBA suggests that Congress intended to preclude others."). The Court agrees with the rationale of those courts; the GLBA does not afford a private right of action.

For the reasons stated above, the Court **GRANTS** Citizens' motion to dismiss plaintiffs' claims pursuant to the Dodd-Frank Act and the GLBA, as set forth in Count VI. The Court also **DENIES** plaintiffs' request to amend their complaint to make any technical corrections regarding those claims, as any such amendment(s) would be futile.

### E. Violation of equal protection and due process rights (Count VII)

In order to prevail on a constitutional claim for violation of equal protection rights or due process rights, there must be a state actor.

> It is well-settled that an entity is only liable for claims based on constitutional violations if the entity is held to be a government actor. *Dusenbery v. United States*, 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002); *see also Cochran v. Gilliam*, 656 F.3d 300, 306 (6th Cir. 2011) (explaining that a constitutional claim requires that the "constitutional violation be taken under color of state law either by government actors or private individuals acting as agents of the state"). "In certain circumstances, however, the acts of even private parties may be deemed to be state action;" however, "'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Cox ex rel. Dermitt v. Liberty Healthcare Corp.*, 622 F. Supp. 2d 487, 491–92 (E.D. Ky. 2008) [citations omitted].

*Johnson v. Tyson Foods, Inc.*, 607 F. Supp. 3d 790, 799 (W.D. Tenn. 2022).

Plaintiffs do not, nor can they in good faith, allege that Citizens is

a state actor for purposes of its relationships with plaintiffs. The only relevant actions or alleged misconduct in which Citizens (or its employees) engaged for purposes of this cause of action was attributable to Citizens' activity as a financial institution. There are no allegations from which the Court could delineate that Citizens was acting as an agent of any State or the government. The Court **GRANTS** Citizens' motion to dismiss plaintiffs' constitutional claims set forth in Count VII.

## V. CONCLUSION

Accordingly, and for the reasons set forth above,

**IT IS ORDERED** that the motion to dismiss (ECF No. 4) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion to dismiss is **DENIED** with respect to Counts I and IV.

**IT IS FURTHER ORDERED** that the motion to dismiss is **GRANTED** with respect to Counts II, III, V, VI, and VII.

**IT IS SO ORDERED.**

September 13, 2023       s/Jonathan J.C. Grey
                         JONATHAN J.C. GREY
                         UNITED STATES DISTRICT JUDGE

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 13, 2023.

                           s/ S. Osorio
                           Sandra Osorio
                           Case Manager