UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KAMRAN BOUSHEHRI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITIZENS FINANCIAL GROUP, INC., *et al.*, <br><br> Defendants. | Case No. 22-13082 <br> Honorable Jonathan J.C. Grey <br> Magistrate Judge Elizabeth A. Stafford |

## SECOND ORDER REQUIRING PARTIES TO MEET AND CONFER

Plaintiffs sue defendants for allegedly freezing and closing plaintiffs' bank accounts. ECF No. 1. Plaintiffs' claims of tortious interference and breach of fiduciary duty survived defendants' motion to dismiss. ECF No. 8. After defendants objected to all of plaintiffs' requests for production of documents (RFPs) and interrogatories, plaintiffs filed a motion to compel. ECF No. 17; ECF No. 17-5. The Honorable Jonathan J.C. Grey referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A), and this Court order the parties to "meet and confer in good faith in person or by video as required by E.D. Mich. LR 37.1." ECF No. 18; ECF No. 20.

The meet-and-confer order required the parties to address proportionality in their joint list of unresolved issues. ECF No. 20. The Court emphasized that "[a] party requesting documents must describe each request with reasonable particularity," and that "[t]he rules also require objections to interrogatories and requests for production of documents to be made with specificity." *Id*. The 179-page joint list of unresolved issues evidences that the parties failed to comply with the meet-and-confer order. ECF No. 25. Counsel paid lip service to the instructions in the order and claimed that they had followed the Court's guidance, but their repetitive arguments include no discussion about Federal Rule of Civil Procedure 26(b)(1) proportionality. Plaintiffs failed to hone their overbroad requests and defendants stuck to their boilerplate and evasive objections. The parties altogether failed to fulfill the aim of a meet-and-confer, which is to "narrow the areas of disagreement to the greatest possible extent." Local Rule 37.1.

Presumably, counsel expected the Court to use the hearing to review one-by-one each of the few dozen outstanding discovery requests, hear argument on each, and declare whether the requested discovery should be compelled. That type of micromanagement is not the function of this Court. *KCI USA, Inc. v. Healthcare Essentials*, Inc., No. 1:14 CV 549, 2015 WL

13839455, at *2 (N.D. Ohio May 1, 2015) ("Both parties and their respective counsel have repeatedly invited me to inappropriately micromanage the discovery in this case by scrutinizing, critiquing, and dictating the content of individual discovery requests and the responses thereto.").

Rather than address each unresolved discovery request, the Court offers these overall observations:

1. Most of plaintiffs' requests seek discovery about three basic questions: (1) the reasons for defendants' actions related to the claims in this case; (2) the identities of the employees who communicated with plaintiffs and made decisions related to the claims in this case; and (3) the specific communications between those employees and plaintiffs.  See RFPs 1-3, 5, 7-10, 12-14, 17-21; interrogatories 1-11, 14-16, 18-22, 24.  Those areas of inquiry are relevant to plaintiffs' claims.  But most of those discovery requests are not stated with reasonable particularity and instead ask for "everything under the sky."  *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-88 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *see also Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21,

3

2020) (finding the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)).  Plaintiffs made no effort to narrow their requests during the meet and confer despite this Court's instructions.  ECF No. 20, PageID.448.

2. Some of plaintiffs' requests are well outside the bounds of proportional discovery, including (1) plaintiffs' request for employments records, (2) "all documents outlining the roles and responsibilities of the departments identified as playing a role in the account decision," and (3) "all records, transcripts, or notes of communications or interactions between Plaintiff Boushehri or Sip Sip Liquor Shop, Inc. and Defendant's customer service department." *See* RFPs 2-3, 13.

3. Plaintiffs ask for documents and information about defendants' internal policies, procedures, training, guidelines, and protocols.  *See* RFPs 15, 16; interrogatory 9, 10, 23.  But plaintiffs fail to show that defendants' internal policies created enforceable duties or that defendants' compliance with those policies is otherwise relevant to the surviving claims of tortious interference or breach of fiduciary duty.

4. Plaintiffs ask for documents and information about other accounts that were frozen or seized "under similar circumstances."  *See* RFP 11; interrogatory 17.  But how defendants treated similarly situated account holders is irrelevant to the claims or defenses here; Judge Grey dismissed plaintiffs' equal protection claim.  ECF No. 8, PageID.201.

5. Plaintiffs request video and audio surveillance recordings, but defendants state that none exists.  RFP 22.  "When a party responding to discovery takes the position that it has fully responded, the court usually will not compel a further response absent evidence that the responding party has improperly withheld documents." *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 125 (E.D. Mich. 2019) (cleaned up).  Plaintiffs present no evidence that video or audio recordings exist.

6. Defendants repeatedly object that they did not freeze or seize plaintiffs' accounts and that plaintiffs fail to identify all their accounts in their discovery requests.  Counsel should have been able to agree during their meet and confer on what alleged actions and what accounts are relevant to plaintiffs' claims.  They must address those issues in their next meet and confer.

7. Defendants' repeated objection that Plaintiff Kamran Boushehri's last name was misspelled in discovery requests betrays an unacceptable lack of seriousness about their discovery obligations. "Discovery is the lifeblood of litigation and, as such, it must be initiated and responded to responsibly, in accordance with the letter and spirit of the discovery rules, to achieve a proper purpose (i.e., not to harass, unnecessarily delay, or impose needless expense)." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 202 (E.D. Mich. 2018) (cleaned up); *see also* Fed. R. Civ. P. 26(g).

8. Defendants argue that their internal memoranda reflect their deliberations and internal processes without showing that those deliberations and internal processes are privileged. They do argue that federal law prohibits them from disclosing the existence of a suspicious activity report (SAR) and communications between a bank and federal law enforcement about suspicious activity, but they provided no privilege log despite this Court's meet-and-confer order pointing out the need for a privilege log under Rule 26(b)(5)(A)(ii). And defendants do not claim that all their internal memoranda about plaintiffs' accounts refer to a SAR or communications with federal law enforcement.

The parties' revised joint list of unresolved issues must be filed by **March 6, 2024**, and the Court will hold a hearing on plaintiffs' motion on **March 13, 2024 at 10:30 a.m.** If the parties again fail to meet and confer in good faith or if the revised joint list of unresolved issues fails to cure the deficiencies outlined in this order, they may face sanctions under Rule 26(g), Federal Rule of Civil Procedure 37, or the Court's inherent authority.

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 21, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

7

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 21, 2024.

                <u>s/Julie Owens acting in the absence of Marlena Williams</u>
                MARLENA WILLIAMS
                Case Manager